## SULLIVAN *v.* WILSON ET AL.

[No. 12,657. Filed February 16, 1927. Rehearing denied May 18, 1927. Transfer denied February 3, 1928.]

*P. J. Lauck,* for appellant.

*Ethan A. Miles* and *Jesse E. Martin,* for appellees.

McMahan, C. J.—Appellees, Almond E. Wilson and John V. Harding, commenced this action against appellant for an accounting and to vacate and annul a contract theretofore entered into by said plaintiffs with appellant. The court found the facts specially and concluded as a matter of law that the contract should be annulled and that appellees should recover from appellant $177.28. There was a judgment and decree in accordance with the conclusions.

It appears from the special finding that appellee Wilson had invented a certain machine and that he and Harding had entered into a partnership to develop the same, they to share equally in the expenses and profits. Later, they entered into a contract with appellant, wherein it was agreed they would assign to appellant the exclusive manufacturing and sales rights for such machine in the United States on terms as stated in the contract. The contract provided that appellant should submit a correct statement every ninety days of all transactions pertaining to sales and settle for all royalties and fees within thirty days after settlement with purchasers, and use his best influence and efforts to promote and advance the sales of the machine, and if either party to the contract violated the contract he forfeited his rights under the contract.

The court, after finding that the plaintiffs had fully performed and done everything required of them under the contract, found appellant had submitted no statement of his transactions pertaining to sales to the plaintiffs as required by the contract and refused to have anything to do with them concerning the invention and had wholly disregarded their rights therein, and that the plaintiffs had, before commencing the action, made demand of appellant for a report of his transactions. Harding died pending the action and appellees, other than Wilson, being his sole heirs, were substituted in his place as plaintiffs. Other facts are found relating to an assignment of the patent for the invention to appellant, but they are not material to a decision and need not be set out.

The fact that appellant had failed to make the reports every ninety days, and had refused to have anything to do with Wilson and Harding, was sufficient to sustain the conclusion of the court that the contract should be annulled and that all of appellant's rights thereunder should be forfeited.

Judgment affirmed.

Dausman, J., absent.